LANE v. RANEY.

(Filed October 1, 1901.)

CONTRACTS—*Insurance—General   Agents—Local   Agents—Evidence.*

  A local insurance agent can not bind his principal, a general agent, by a promise to another local agent in reference to a division of commissions between the local agents, where the rules of the general agent agreed to by the local agents require written notice of a claim for division of commissions to be filed with the application for insurance, and evidence of such promise is incompetent.

ACTION by S. H. Lane against R. B. Raney, heard by Judge *T. A. McNeill* and a jury, at May Term, 1901, of the Superior Court of CRAVEN County. From a judgment for the plaintiff, the defendant appealed.

*W. D. McIver,* for the plaintiff.
*Battle & Mordecai,* for the defendant.

MONTGOMERY, J.   The defendant is now and was at the time of the matters set out in the pleadings, the general agent of North Carolina of the Penn Mutual Life Insurance Co., of Philadelphia, and the plaintiff was at that time one of the local agents of the defendant at New Bern. It appears from all the testimony on that point in the case that the policy (the commission on the first premium of which being the subject-matter in dispute) was procured by the joint services of the plaintiff and another agent (H. C. Martin) of the defendant. In the contract concerning the agency between the plaintiff and the defendant, the plaintiff agreed to abide by and follow the rules of the defendant's office, one of the rules being on the subject of the division of commissions on first premiums on policies procured by the joint services of two or more of the special or local agents of the defendant. The defendant in his testimony said that the rule required that the agreement should be in writing and filed with the application for insurance, when the application was sent into his office. The plaintiff testified that he knew there was a rule on the subject, and had complied with it, as he understood it, in every instance, except the present one; and that his understanding of the rule was, that the agreement in writing was to be sent in "when the payment was collected upon the delivery of the policy."

Under either view of the agreement and rule the required notice was not given to the defendant by the plaintiff. The

plaintiff knew on the sixth of June that all the preliminaries had been arranged, and that the application for the insurance was to be sent on to the defendant by Martin. It was sent off on the last-mentioned date to the defendant's office and was unaccompanied by the agreement for division of commissions, as the rule required. No notice was afterwards given to the defendant until long after the premium had been paid and the commissions accounted for to the other agent, Martin. If it had been in contemplation that a note was to be given by the insured for the premium instead of money, as the plaintiff testified, was the understanding, the effect would be the same under the rule. The notice should have been given to Raney concerning the alleged claim of the defendant to his part of the commissions when the application was sent in. Raney would have been entitled to the notice in order that he might reserve for the plaintiff out of the collection of the note whenever paid, whether before, at or after its maturity, his part of the commissions. But the plaintiff contends that he was relieved of the duty to send forward the written agreement at the time of the receipt of the application of insurance at the office of the defendant, on the ground that Martin, who was authorized by the defendant to discontinue and to create agency, was instructed by the defendant to discontinue the agency of the plaintiff, and in so doing, said to the plaintiff: "You are entitled to your commissions on that (the premium on the policy) anyway, so if that is all, you can give the papers over to me now." That conversation was on the 6th of June, the application for insurance being then in the possession of Martin to be forwarded to the defendant, and that fact known to the plaintiff.

That contention might be successful if Martin had been authorized by Raney to have made the statement; but the defendant had given him no such power. Martin was only authorized "to discontinue and to create agencies," and he

could not bind Raney by his promise or agreement for a pe-
cuniary obligation disconnected with the discontinuance or
creation of an agency.   His Honor admitted the testimony of
the plaintiff as to that conversation with Martin over the ob-
jection and exception of the defendant, and we think in so
doing he committed

Error.